# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| NATHAN KOENGETER, MICHAEL MOLINOS, and ANNIECEL RENIVA, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN WATS CENTER, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09cv494<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Nathan Koengeter, Michael Molinos, and Anniecel Reniva's (collectively, "Plaintiffs") motion for a protective order;[2] and (2) Western Wats Center, Inc.'s ("Defendant") motion to compel.[3]  The court has carefully reviewed the parties' submissions.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions

---

[1] *See* docket no. 46.

[2] *See* docket no. 47.

[3] *See* docket no. 59.

on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## Plaintiffs' Motion for a Protective Order

Plaintiffs move this court for an order directing that the deposition of Ms. Reniva, who resides in the Philippines, be taken through written deposition, by telephone, or by video. Specifically, Plaintiffs contend that Ms. Reniva is financially unable to travel to Utah and Defendant will suffer no prejudice if the deposition is taken by alternate means.

Defendant asserts that Plaintiffs have failed to demonstrate good cause for entering a protective order and Defendant will be prejudiced by not taking Ms. Reniva's deposition in person. The court agrees. Under rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(C). The court also has discretion to prohibit and/or regulate discovery by "specifying terms, including time and place, for the disclosure or discovery." Fed R. Civ. P. 26(c)(1)(B). That said, in general, "a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought . . . [because] the plaintiff has selected the forum and should not be heard to complain about having to appear there for a deposition." *Gipson v. Southwestern Bell Tel. Co.*, No. 08-2017-KHV-DJW, 2008 U.S. Dist. LEXIS 77481, at *15 (D. Kan. October 1, 2008).

The court is not unsympathetic to Ms. Reniva's situation. As a plaintiff in this matter, however, Ms. Reniva should expect that her deposition would take place in the district where she

2

chose to bring the lawsuit. Furthermore, the rule requires that the court protect parties only from "undue burden or expense." Fed. R. Civ. P. 26(c)(1). The court concludes that while it may be difficult and costly for Ms. Reniva to travel to Utah from the Philippines for her deposition, it is not unduly so. Accordingly, Plaintiffs' motion[4] is **DENIED**.

### Defendant's Motion to Compel

Defendant seeks an order compelling Plaintiffs to respond to its First Set of Interrogatories and Requests for Production of Documents. Based on this court's review of the docket, it appears that Plaintiffs have now served their responses to Defendant's discovery requests.[5] Accordingly, Defendant's motion[6] has been rendered **MOOT**.

**IT IS SO ORDERED.**

DATED this 27th day of September, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 47.

[5] *See* docket nos. 69, 70.

[6] *See* docket no. 59.