Thomas W. Seiler, #2910
Morgan Fife, #11278
Jacob W. Dowse, #13198
**ROBINSON, SEILER & ANDERSON, LC**
2500 N. University Ave.
PO Box 1266
Provo, Utah 84603-1266
Telephone: (801) 375-1920
Facsimile: (801) 377-9405

# UNITED STATES DISTRICT COURT OF UTAH

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NATHAN KOENGETER, MICHAEL MOLINOS, and ANNIECEL RENIVA, Individually and on Behalf of Others Similarly Situated,<br><br>         Plaintiffs,<br>vs.<br><br>WESTERN WATS CENTER, INC., and JOHN DOES I-X,<br><br>         Defendants. | **ORDER RE: JANUARY 13, 2011, HEARING**<br><br>Civil No. 2:09-CV-494<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

The above-entitled matter came for hearing before the Honorable Paul M. Warner on

Thursday, January 13, 2011. Nathan Koengeter, Michael Molinos, and Anniecel Reniva

(collectively, "Plaintiffs") were represented by their counsel of record, Adam D. Ford. He was

accompanied by an associate attorney from his office, Jackie Ball. Western Wats Center, Inc.

("Defendant") was represented by its counsel of record, Thomas W. Seiler, Morgan T. Fife and

Jacob W. Dowse, who were accompanied by Stacey Y. Jenkins, in-house counsel for Defendant.

Prior to the hearing, the court reviewed the motions to be heard in this matter. At the hearing,

the court ruled on the following motions from the bench:

| DATE FILED | DOCKET # | MOTION NAME |
|---|---|---|
| 10/20/2010 | 76 | Defendant's Motion to Reconsider Court's Ruling of September 27, 2010. |
| 11/12/2010 | 83 | Plaintiffs' Motion to Withdraw as Representative Plaintiff (Without Prejudice) Filed by Plaintiff Reniva |
| 11/29/2010 | 93 | Plaintiffs' Motion for Extension of Time to Complete Discovery |
| 11/30/2010 | 94 | Motion to Strike Plaintiffs' Motion to Withdraw as Representative Plaintiff (Docket No. 83) |
| 12/01/2010 | 97 | Motion for Protective Order and to Terminate/Limit Deposition (Filed by Plaintiffs' Koengeter and Molinos) |
| 12/02/2010 | 102 | Second Motion to Compel Discovery (Filed by Defendant) |
| 12/22/2010 | 110 | Motion for Protective Order (Filed by Defendant) |

**IT IS HEREBY ORDERED** as follows:

**#76.    Defendant's Motion to Reconsider Court's Ruling of September 27, 2010**

Defendant's Motion to Reconsider[1] is **GRANTED**. Defendant's previously ruled-upon

motion to compel Plaintiffs to respond to Defendant's First Set of Interrogatories and Requests

for Production of Documents[2] is now **GRANTED IN PART AND DENIED IN PART**.

---

[1] *See* docket no. 76

[2] *See* docket no. 59.

Specifically, Defendant's motion to compel is **GRANTED** as to Koengeter and Molinos but **DENIED** as to Reniva.

The court also awards attorney fees to Defendant. Defendant's counsel shall submit a current Affidavit of Attorney Fees with appropriate Memorandum of Points and Authorities. Plaintiffs shall have fifteen (15) days from the date of the filing to respond thereto. The court will determine the amount of attorney fees to be awarded after considering the parties' submissions.

**#83.** **Plaintiffs' Motion to Withdraw as Representative Plaintiff**

**#94.** **Defendant's Motion to Strike Plaintiffs' Motion to Withdraw as Representative Plaintiff**

Reniva moved the court to dismiss her without prejudice as a representative Plaintiff in this civil action.[3] Defendant opposed this motion and filed a Motion to Strike Plaintiffs' Motion to Withdraw as Representative Plaintiff.[4] Plaintiffs' counsel represented to the court that "we have gone months trying to communicate with [Reniva] unsuccessfully, and so I don't believe there is any way she can continue as a Plaintiff. She is certainly not responsive to the discovery."[5] Therefore, the court **GRANTS IN PART AND DENIES IN PART** Reniva's motion to withdraw as a representative Plaintiff. Reniva is dismissed from this case with

---

[3] *See* docket no. 83.

[4] *See* docket no. 94.

[5] Hearing Transcript, page 41, lines 14-19.

prejudice as a sanction for failing to respond to discovery. That said, the court declines to award further sanctions as to Reniva or her counsel on this issue. The court also concludes that Defendant's Motion to Strike Plaintiffs' Motion to Withdraw as Representative Plaintiff[6] has been rendered **MOOT**.

**#93.    Plaintiff's Motion for Extension of Time to Complete Discovery**

Plaintiffs' motion for an extension of time to complete discovery[7] is **GRANTED**. The court extends discovery on the willfulness issue for sixty (60) days from the hearing. All other dates in the September 2, 2010 Scheduling Order are extended by eighty-three (83) days.

**#97.    Plaintiffs' Motion for Protective Order and to Terminate/Limit Deposition**

Plaintiffs' Motion for Protective Order and to Terminate/Limit Deposition[8] is **DENIED**. Koengeter will be made available for deposition within 60 days of the hearing. Defendant is entitled to ask Koengeter any questions regarding any matter that is relevant to any party's claims or defenses. Relevant information need not be admissible at trial and includes any information reasonably calculated to lead to the discovery of admissible evidence. Koengeter's deposition may extend more than one day.

---

[6] *See* docket no. 94.

[7] *See* docket no. 93.

[8] *See* docket no. 97.

**#102.   Defendant's Second Motion to Compel Discovery**

Defendant's Second Motion to Compel Discovery[9] is **GRANTED IN PART AND DENIED IN PART**.  Specifically, Defendant's motion is **GRANTED** as to Koengeter and Molinos and **DENIED** as to Reniva.

**#110.   Defendant's Motion for Protective Order**

Defendant's Motion for Protective Order[10] is **GRANTED IN PART AND DENIED IN PART**.  While Defendant need not provide information regarding the violation of child labor laws as defined in Plaintiff's First Set of Interrogatories, Requests for Admission, and Request for Production of Documents, Defendant must provide to Plaintiffs anything from the U.S. Department of Labor investigation the Defendant has in its possession that applies to adult labor information.  However, that material is subject to a Protective Order and is not to be disclosed for any purposes other than use in this lawsuit.

**DATED** this 23rd day of February, 2011.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[9] *See* docket no. 102.

[10] *See* docket no. 110.