IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NATHAN KOENGETER, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN WATS CENTER, INC. and JOHN DOES I-X,<br><br>Defendants, | **ORDER and<br>MEMORANDUM DECISION**<br><br><br>Case No. 2:09-cv-494-CW |

Now before the court are Plaintiffs' motion to file a surreply to Defendant's motion for partial summary judgment on the issue of willfulness (Dkt. No. 139) and Plaintiffs' motion to extend time for willfulness discovery (Dkt. No. 148). For the reasons set forth below, because the court hereby grants Plaintiffs leave to move for more appropriate relief, those motions are DEEMED MOOT.

**I. Background**

On January 12, 2011, Defendant filed a motion for partial summary judgment on the issue of willfulness. Plaintiffs have not yet filed a substantive response to this motion. Instead, on February 28, 2011, Plaintiffs filed an opposition brief asserting that discovery on willfulness had not yet been completed. In the same document as the opposition brief, Plaintiffs also moved for

leave to file a surreply, with that surreply to be filed on March 29, 2011.  While Plaintiffs did not specify the potential content of the surreply, the court presumes that Plaintiffs envisioned that the brief would contain arguments on the merits of Defendant's summary judgment motion.  Plaintiffs explained that they sought to file on March 29, 2011 because they expected to have completed willfulness discovery by that time.  Plaintiff did not invoke or attempt to comply with Rule 56(d) of the Federal Rules of Civil Procedure in the motion for a surreply.  In their reply brief in support of their summary judgment motion, Defendants did not specifically oppose Plaintiff's motion to file a surreply.

On March 14, 2011, Plaintiffs again filed a motion to extend the time for discovery on the willfulness issue, asserting that discovery on willfulness had still not been completed.  In moving for an extension of time to complete discovery, Plaintiffs did not renew their motion to be allowed to file a substantive surreply brief until after willfulness discovery concluded.  Defendant opposed this motion.

On April 28, 2011, Defendant requested that its summary judgment motion be decided upon.  Defendant argued that because Plaintiffs still had not filed a substantive response, all facts asserted in Defendant's motion were admitted.

**II.   Analysis**

Plaintiffs' motions to file a surreply and to extend discovery both appear to be attempts to seek relief under Rule 56(d), previously Rule 56(f).  Rule 56(d) permits the court to allow a party to take discovery to assist in opposing a motion for summary judgment under certain circumstances.  Neither motion, however, invokes or satisfies the specific requirements for a

motion made under Rule 56(d). While Plaintiffs' failure to follow proper procedure would be grounds to deem the facts asserted in the motion for summary judgment admitted by Plaintiffs, the court is reluctant to elevate form over substance. Plaintiffs appear to be capable of making a credible motion under Rule 56(d), but their counsel has failed to identify and comply with that rule. Accordingly, Plaintiffs are granted until June 10, 2011 to file a motion under Rule 56(d), seeking whatever relief they believe is appropriate.[1] Subsequent briefing shall be filed in the normal course.

Counsel for Plaintiffs are advised that Rule 56(d), as interpreted by the case law, has very specific requirements for the information that is required for the motion to be granted. If Plaintiffs file a motion under that rule, the court will carefully consider whether Plaintiffs have met these requirements.

For the reasons set forth above, Plaintiffs' motions to file a surreply and to extend discovery are both DEEMED MOOT.

SO ORDERED this 3rd day of June, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[1] In the event that the court grants additional discovery on willfulness, the order granting such discovery will address the conditions and deadlines of such discovery. For that reason, Plaintiffs' motion for a protective order does not yet need to be addressed.