# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| NATHAN KOENGETER, MICHAEL MOLINOS, and ANNIECEL RENIVA, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN WATS CENTER, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09cv494<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Western Wats Center, Inc.'s ("Defendant") affidavit of attorney fees ("Original Affidavit"),[2] supplemental affidavit of attorney fees ("Supplemental Affidavit"),[3] and related briefing.[4]

---

[1] *See* docket no. 46.

[2] *See* docket no. 78.

[3] *See* docket no. 145.

[4] *See* docket nos. 144, 154, 158.

On January 13, 2011, the court held a hearing[5] and ruled on several discovery motions.[6] At the hearing, the court granted Defendant's motion to reconsider its September 27, 2010 memorandum decision and order ("September 27, 2010 Order") that denied Nathan Koengeter, Michael Molinos, and Anniecel Reniva's (collectively, "Plaintiffs") motion for a protective order and found as moot Defendant's motion to compel.[7] Specifically, the court granted Defendant's motion to reconsider[8] and granted in part and denied in part Defendant's underlying motion to compel.[9] It granted the motion to compel as to Mr. Koengeter and Mr. Molinos but denied it as to Ms. Reniva.[10] The court then awarded to Defendant its reasonable attorney fees incurred in bringing the motion to compel under rule 37(a)(5) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(5).

In the Original Affidavit, Defendant requested attorney fees and costs in the amount of $5838.00 that it incurred by filing its motion to compel (1) answers to Defendant's First Set of Interrogatories and Request for Production of Documents and (2) Ms. Reniva's and Mr. Koengeter's depositions. However, in the Supplemental Affidavit Defendant now requests attorney fees and costs in the amount of $27,047.10. Defendant included its attorney fees and costs incurred in filing or defending three other motions ruled upon at the hearing: Plaintiffs'

---

[5] *See* docket no. 130.

[6] *See* docket no. 138.

[7] *See* docket no. 75.

[8] *See* docket no. 76.

[9] *See* docket no. 59.

[10] *See* docket no. 138 at 3.

Motion for Protective Order and to Terminate/Limit Deposition,[11] Defendant's Second Motion to Compel Discovery,[12] and Defendant's Motion for Protective Order[13] (collectively, "Other Motions").

At the hearing, the court stated that it would "grant some attorneys fees"[14] with respect to the underlying motion to compel; the court did not award attorney fees or costs with respect to the Other Motions. Defendant aptly quoted the court in its memorandum in support of its Supplemental Affidavit, "pigs get fat, hogs get slaughtered."[15] While counsel for Defendant appears to understand the meaning of this idiom, having researched its meaning on Wikipedia,[16] by requesting attorney fees and costs incurred in filing and defending against the Other Motions, counsel has failed to put the idiom into practice.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

---

[11] *See* docket no. 97.

[12] *See* docket no. 102.

[13] *See* docket no. 110.

[14] Docket no. 131, at 19.

[15] Docket no. 144, at 2.

[16] *See id.*

Fed. R. Civ. P. 37(a)(5)(A).  Upon review of the parties' submissions, the court concludes that (1) Defendants attempted in good faith to obtain the requested discovery and schedule the depositions without resorting to court intervention, (2) Plaintiff's failure to provide the discovery was not substantially justified, and (3) there are not other circumstances that would make such an award unjust.  *See id*.  The court has also reviewed Defendant's request for attorney fees and costs incurred in filing and defending against the Other Motions and concludes that an award is not justifiable.

In addition, under rule 37(a)(5)(C) of the Federal Rules of Civil Procedure, if a motion is granted in part and denied in part, "the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  The court has reviewed the parties' submissions and has determined that an award of $2500.00 is a reasonable amount given the circumstances presented.

Based on the foregoing, **IT IS HEREBY ORDERED** that on or before August 19, 2011, Plaintiffs shall pay a total of $2500.00 in attorney fees and costs to Defendant.

**IT IS SO ORDERED.**

DATED this 21st day of July, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge