IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NATHAN KOENGETER, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN WATS CENTER, INC. and JOHN DOES I-X, <br><br> Defendants, | **ORDER and** <br> **MEMORANDUM DECISION** <br><br><br><br> Case No. 2:09-cv-494-CW |

On August 23, 2011, the named parties in this action submitted a stipulated motion to dismiss pursuant to a settlement agreement among them. (Dkt. No. 170.) On August 25, 2011, the court issued an Order in which it noted that an opt-in FLSA class has been certified in this case, but that there has been no notice to the class or any opt ins. The court further observed that the stipulated motion and stipulated proposed order submitted by the named parties are silent on the potential impact, if any, that dismissing this case may have on the claims of the FLSA class. The court therefore ordered that by September 16, 2011, the named parties meet and confer to address the question of what impact, if any, a dismissal with prejudice of this action would have on the claims of potential class members. The court further ordered that by September 16, the parties were to submit an amended stipulated motion and order to address that question or alert the court of their intentions to proceed.

As of this date, the named parties have not made any submission in response to the court's August 25 Order. The court construes this silence as an agreement that the court determine the effect that a dismissal with prejudice of this action will have on the claims of the potential FLSA class members who did not receive notice or opt in.

The court concludes that only the claims of the named Plaintiffs are resolved by dismissing this case. Although the court certified a class, there was no notice of the class to potential class members. Moreover, no potential class members opted in. In all practical respects, then, there was no FLSA class in this action. Accordingly, the dismissal of the named Plaintiffs' claims with prejudice shall not be construed as resolving or otherwise having any collateral or preclusive effect on the any claim of any individual (other than the named Plaintiffs) who could have opted in to the FLSA class certified in this action.

With this issue resolved, the court GRANTS the named parties' stipulated motion to dismiss this action with prejudice, including the Order of Judge Paul M. Warner that Plaintiffs pay Defendants $2,500. Each party is to bear their own costs and attorneys fees. The Clerk of Court shall close this case.

SO ORDERED this 21st day of September, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge